**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JERON DEANGELO NEAL #01945286** | § | |
| | § | |
| **V.** | § | **A-20-CV-1217-RP** |
| | § | |
| **JUSTIN FLANERY, ART** | § | |
| **ACEVEDO, and AUSTIN POLICE** | § | |
| **DEPARTMENT** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff's complaint.  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Telford Unit of the Texas Department of Criminal Justice - Correctional Institutions Division.  A jury found Plaintiff guilty of two counts of aggravated robbery with a deadly weapon and assessed a sentence of 22 1/2 years' imprisonment.

1

Plaintiff alleges Austin Police Officer Justin Flanery, former Police Chief Art Acevedo, and the Austin Police Department deprived Plaintiff of his rights and bamboozled and enslaved him. Plaintiff seeks his immediate release and an unspecified amount of monetary damages.

Specifically, Plaintiff alleges Austin Police Officer Justin Flanery illegally searched his vehicle on September 28, 2012. According to Plaintiff, Officer Flanery informed him that Plaintiff's mother called 911, reported Plaintiff was off of his medication, suffering from psychotic symptoms of schizophrenic disorders, and had a gun. Plaintiff complains he did not consent to the search of his vehicle where Officer Flanery found a gun. According to Plaintiff, he subpoenaed the video of the police car dash camera. He appears to allege the video footage was altered and complains former Chief of Police Art Acevedo failed to "overturn the missing video footage." Plaintiff further alleges his complaint directed to the Department of Internal Affairs was tampered with and never submitted.

In his appeal of his aggravated robbery convictions Plaintiff challenged the trial court's denial of his pretrial motion to suppress the evidence. *Neal v. State*, No. 03-14-00155-CR, 2015 WL 4197080 (Tex. App. – Austin 2015, no pet.). The appellate court indicated:

> Police received a report from a woman that her son, Neal, was parked outside of a daycare center where she worked and that she feared he might cause a disturbance. She reported that Neal suffered from bipolar disorder and was not taking his medications. She reported that she had argued with him the previous night and that he had a gun when she last saw him. She said he was in a black Ford Explorer with his girlfriend. The officer said the dispatcher told him that Neal was a black male. FN1
>
> > [FN1] The police officer initially testified that he discussed the situation with Neal's mother at the daycare, but he revised his testimony when showed his contrary recitation in his report.
>
> The police officer testified that he found a black Ford Explorer parked outside the daycare center. A male, later identified as Neal, was slumped over the steering wheel and a woman was asleep in the back row. The officer said he could not see a gun

through the window, but he noticed that Neal was holding a hand-rolled cigarette. The officer and a colleague flanked the vehicle and knocked on the driver's door. The officer testified that Neal awakened and began fidgeting with the ignition, causing the officer to fear that Neal was about to drive away and endanger the officers in the process.

The officer testified that he asked Neal to step out of the vehicle, then opened the driver's door. Neal told the officer he wanted to leave, but the officer declined to permit that. The officer testified that the facts communicated in the report—an armed, bipolar man off his medications parked near a daycare where his mother with whom he recently argued works—made him want to investigate before he let Neal drive away. The officer also testified that he caught a whiff of marijuana when he opened the door, which he said he recognized from his training and experience.

The officer frisked Neal for weapons and testified that Neal's tension and body language, combined with the facts reported to the dispatcher and the proximity to the daycare, led him to handcuff Neal and put him in the patrol car. The officer then found a rolled cigarette on the ground that looked like the one that was in Neal's hands in the car. The officer said the cigarette smelled like marijuana and later proved to be. The officer also testified that he found a revolver in the side panel next to the driver's seat.

*Id.* at *1-2.

Based on the totality of the circumstances the appellate court concluded that reasonable suspicion existed to justify Neal's detention and the search of the vehicle. *Id.* at 2. Specifically, the appellate court explained that the report that Neal had argued with his mom, was off his medications, possessed a gun, was parked outside the daycare where she worked, and might soon cause a disturbance provided a reasonable basis to conclude that illegal activity was about to occur. *Id.* The appellate court concluded that the trial court did not err by denying the motion to suppress evidence obtained pursuant to the search following Neal's detention and affirmed the trial court's judgment. *Id.*

3

DISCUSSION AND ANALYSIS

A.    Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.    Austin Police Department

The Austin Police Department is not a legal entity capable of being sued.  *See Guidry v. Jefferson County Detention Center*, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action).  Therefore, Plaintiff's claims against the Austin Police Department are frivolous.

C.    Defendants Flanery and Acevedo

Insofar as Plaintiff's claims for which he seeks monetary damages against Defendants Flanery and Acevedo necessarily implicate the validity of his aggravated robbery convictions,

4

Plaintiff's claims must be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of *Heck* to state prisoner § 1983 lawsuits in *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his convictions have been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Plaintiff's recitation of the procedural history in this case indicates just the opposite.

To the extent Plaintiff's claims do not necessarily implicate the validity of his convictions, his claims are time-barred. There is no federal statute of limitations for § 1983 actions. *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995); *Henson-El v. Rogers*, 923 F.2d 51, 52 (5th Cir. 1991). Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249-50, (1989). In Texas, the applicable limitations period is two years. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1986)). Nevertheless, federal law determines when a § 1983 cause of action accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action. *Piotrowski*, 51 F.3d at 516. Plaintiff complains of acts taken in 2012. The statute of limitations has long passed.

D.    Habeas Claims

To the extent Plaintiff seeks his immediate release, he must seek such relief in a petition for writ of habeas corpus after he has exhausted his state court remedies.  The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief.  *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).  The Court should decline to construe this action as a request for habeas corpus relief.  If Plaintiff did not intend for this action to be an application for habeas corpus relief pursuant to 28 U.S.C. § 2254, any subsequently filed applications could be subject to the restrictions on "second or successive" motions. *See e.g. Castro v. United States*, 540 U.S. 375 (2003).

Additionally, Plaintiff makes no allegations suggesting he has exhausted his state court remedies.  After the Third Court of Appeals of Texas affirmed his convictions, he did not file a petition for discretionary review with the Texas Court of Criminal Appeals or a petition for writ of habeas corpus with the state trial court.

RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e).  Plaintiff's claims brought against the Austin Police Department should be dismissed with prejudice as the police department is not an entity capable of being sued.  Plaintiff's claims seeking monetary relief against Defendants Flanery and Acevedo that necessarily implicate the invalidity of his aggravated robbery convictions should be dismissed with prejudice to their being asserted again until the *Heck* conditions are met and to the extent his claims do not necessarily implicate the invalidity of his aggravated robbery convictions Plaintiff's claims should be dismissed with prejudice as time-barred.  Plaintiff's claims seeking habeas corpus relief should be dismissed

without prejudice to reasserting in a petition for writ of habeas corpus after Plaintiff has exhausted his state court remedies.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. *See* TEX. GOV'T CODE ANN. § 498.0045 (Vernon 2005).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other

actions in forma pauperis unless he is in imminent danger of serious physical injury.  *See* 28 U.S.C.

§ 1915(g).

<u>OBJECTIONS</u>

Within 14 days after receipt of the magistrate judge's report, any party may serve and file

written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636

(b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained

within this report within 14 days after service shall bar an aggrieved party from de novo review by

the district court of the proposed findings and recommendations and from appellate review of factual

findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas*

*v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on January 19, 2021.

_____
MARK  LANE
UNITED STATES MAGISTRATE JUDGE